On the Merits.
BRUNOT, J.
This is a suit for the possession of leased premises. It is brought under the provisions of Act 49 of 1918. From an adverse judgment in the district court plaintiff appealed to the Court of Appeal for the Parish of Orleans. On the suggestion and motion of defendant’s counsel that the Court of Appeal was without jurisdiction ratione materise, that court transferred the appeal. Counsel then applied to the Chief Justice for permission to bring up the original record to this court and later obtained a second order of appeal in the district court for. the purpose of having three copies of the transcript sent up. A motion to dismiss the appeal here was made, but the motion, was denied, and the case is now before us.
Opinion.
This is a summary proceeding. In the court below defendant filed exceptions of misjoinder, nonjoinder, vagueness, and of no right or cause of action. The exceptions were overruled and the answer was filed, immediately thereafter. Plaintiff objected to the filing of the answer for the reason that in proceedings of this kind the exceptions and answer must be filed at the same time. The court overruled the objection, and counsel did not except to the ruling. The ruling was therefore acquiesced in and this court cannot review it.
During the trial several objections and exceptions to the court’s ruling, in admitting or excluding testimony, were noted; but as the rulings merely affected immaterial and irrelevant testimony there is no substantial basis for complaint.
Appellee is in possession of the premises .under a renewal clause of a lease entered into between himself and the former owner of the property. Appellant acquired the property May 26, 1922, and appellee’s lease expired September 30, 1922. The lease contains this clause:
“It is understood and agreed that lessee shall have the privilege of renewal for a term of three years at the rate of seventy-five and 00/ioo ($75.00) dollars per mo. and also the preference of purchasing same.”
After the term of the lease expired, a new lease was not signed by the parties because of disagreement between them.
The case presents only questions of fact, and the litigation appears to have grown out of the unfriendly and strained relations of the litigants toward each other.
The district judge in his reason for judgment says, in substance, that the unfriendly feeling of the parties has colored their testimony and rendered the facts uncertain, and, as the plaintiff alleges an active violation of the lease, the burden rests upon him to prove the violation by a fair preponderance of the evidence.
The trial judge had the witnesses before him. He observed their deportment and manner while testifying and is therefore in a better position to determine, their credibility and the weight to be given their testimony than this court, and his conclusions with respect thereto are entitled to great weight.
The documentary offerings consist of the lease, nine checks, thirteen letters, three receipts; and the oral testimony of five witnesses was taken. The checks, receipts, and letters were offered in connection with the oral testimony. The checks show the payment of the rent, and they were offered with particular reference to the day and date on which payment was made. The letters are the correspondence between counsel for plain *368 tiff and defendant and a letter from plaintiff’s counsel to defendant. The court properly excluded the correspondence between counsel. One receipt is for the cost of material and labor for painting the kitchen. Another is for a deposit with the clerk of court for the January rent. The third is for December rent.
The lease fixes no place at-which the rent shall be paid, but it is payable on the 1st day of each month, and in advance.
Plaintiff claims that his counsel, by letter dated July 21, 1922, notified the defendant that the rent must be paid promptly. The pertinent sentence of that letter is as follows:
“I may also state that if rent is not paid promptly when due client will also govern himself accordingly.”
Plaintiff also claims that the rent was always paid at his place of business, that the rent for October and November, 1922, was paid promptly, and at that time he had a verbal (or, as counsel says, a tacit) agreement with defendant that thereafter the rent would be paid at the plaintiff’s place of business.
The defendant admits the receipt of the letter of July 21, 1922, but emphatically denies that the rent was always paid at plaintiff’s place of business, or that he, at any time, entered into an agreement with plaintiff that the rent should be paid at any particular place, or that it would be promptly paid.
The case hinges upon the determination of the controverted facts, and upon whether rent payments were accepted upon other than the due dates thereof.
The letter of July 21, 1922, addressed to defendant may be regarded a,s a warning. It was not written by the plaintiff, and the record does not disclose that he had knowledge of its contents until a date long subsequent to its receipt by defendant. It therefore cannot be held to be a notice, by plaintiff, demanding prompt payment.
Plaintiff’s claim that the rent for October and November, 1922, was not promptly paid, is refuted by his own testimony. The rent was payable in advance, and, while testifying as to the payment of the October rent, plaintiff (page 48 of the transcript) says:
“Q. He paid you always by check, did he not?
“A. Yes, sir.
“Q. I am showing you a cheek dated October 4th, 1922, and ask you to look at that check and say if that is your indorsement on the check ?
“A. Yes, sir.
“Q. Did you receive that check?
“A. Yes, sir; on the 3d.”
There is other testimony on this point, but all of it fixes the 3d as the date of the payment of the October rent.
Plaintiff’s claim that he had a verbal or tacit agreement with defendant for the payment of the rent at plaintiff’s place of business is also, refuted by his own testimony. On pages 49 and 50 of the transcript he was interrogated on this point and he says:
“Q. There has been no understanding between you and Mr. Graffagnini where he should pay those rents monthly?
“A. No, sir.
“Q. Absolutely none?
“A. No, sir.
“Q. There was no verbal agreement to pay you at your playe of business?
“A. No, sir.
“Q. There never was such a thing at all?
“A. No, sir; he only knew that he was supposed to pay on the first day of the month, that is all.”
There is no other testimony on this point except defendant’s denial that he at any time agreed to fix the place or time for the payment of the rent or that he ever discussed the matter with plaintiff.
Plaintiff’s claim that the rent was always paid at his place of business is denied, and on this point the testimony of the witnesses conflict.
*369 Plaintiff testifies that the rent was always paid by check, and the check was sent to his place of business by a clerk or relative of defendant, and that no rent payment was ever otherwise made to him by defendant. Plaintiff’s clerk corroborated this testimony, as to the payment of rent for the month of December, 1922.
Defendant admits that it was his custom to send the check for the rent to plaintiff’s place of business, but he testifies that on two. or more occasions the rent was paid to plaintiff, direct, in front of defendant’s place of business. (See transcript, p. 43.) A. J. Prima, who is shown to be a disinterested witness, and Martin Graffagnini, a relative of defendant, corroborate the testimony of defendant in so far as the payment of the December rent is concerned.
There are several other minor points upon which the testimony is conflicting, but upon each question raised, if there be a preponderance of the testimony, it is in favor of the defendant, and this is our conclusion with reference to the acceptance by plaintiff, and without comment, of two and possibly three payments of the rent after the due date, one of these payments before the old lease expired and two of them since that date. Brewing Go. v. Anderson, 121 La. 935, 46 South. 926.
Defendant attempted to pay his rent for the month of January on the morning of January 3d. The payment was refused, the lease was declared forfeited, and he was served with a notice-to vacate.
The circumstances surrounding the parties, plaintiff’s admission that he made no demand for the payment of the rent, his apparent lack of appreciation of the sanctity of an oath, and his failure to clearly sustain the burden of proving the alleged active violation of the lease, convince us of the correctness of the conclusions reached in the court below.
It is therefore ordered that the judgment of the lower court be affirmed. Appellant to pay costs.